Livingston, J.
delivered the opinion of the court. The first objection to this verdict is, that Samuel Brush, not being a partner known to Nixon at the time of forming this adventure, but admitted afterwards, the action, if *296 maintainable at all, is only so against Jesse Brush, with whom alone Nixon contracted.
This objection fails, in point of fact, there being sufficient evidence of a general partnership between the Brushes *when the voyage was determined on; for shortly thereafter Jesse introduced his brother to Nixon, as his partner in business, and as concerned with him in that enterprise, to which Samuel must have assented. Now, although there be some little uncertainty about dates, we are warranted in believing that this general partnership between the brothers existed prior to the undertaking of this voyage. It becomes unnecessary, therefore, to consider how valid the objection would have been, if Samuel had not originally been interested in this speculation. Probably, as in such case, the original contract would have been between Nixon and Jesse Brush, the latter alone, on the authority of Saville v. Robertson and Hutchinson, 4 D. & E. 720, would have been liable for any balance claimed by the former; but on this point we give no opinion.
Another objection, and, in our judgment, a fatal one, is that this being a partnership account, the action, in this form, is not maintainable. To obviate this difficulty, it is said that here was an accounting together, and a promise by Samuel Brush to pay the balance. Were this so we should certainly not be for sending the plaintiff’s to another forum, after the delay and expense which they must have incurred here, but that partners cannot, generally speaking, sue each other at common law, is a principle too well settled to be now shaken, nor is it necessary to inquire why it is, or ought to be so. Actions, however, of this kind, have lately been sustained after a balance struck and an express promise to pay. 2 D. & E. 483.
Further than this we are not willing to go, nor would some of the older cases justify our going this length. Sc far from an express promise to pay here, there is not even an acknowledgment of any balance being due. The ac count as stated by Nixon, but not even signed by him, and made out in tbe absence of the other partners, from books kept by himself, is delivered to Samuel Brush, (his brother being absent from the state,) who, without objecting or admitting it to be correct, said, “ he could do nothing until his brother returned from Europe.” This conduct admits of but one interpretation. Samuel Brush, supposing his brother better acquainted with the affairs of this concern than himself, was determined not to commit himself. We accordingly find his language as cautious -as it could well be. If being silent as to objections, ánd receiving the account, are to be evidences of a promise to pay, we know not how a man is to act so as to avoid *being drawn into a promise of this kind. An account, and particularly a partnership one of this kind, where there was no general connexion in business, and where the books were kept by Nixon himself, might be full of errors, and yet neither of the others be able immediately to detect them. No argument, therefore, can be drawn from the silence of Samuel Brush. But it is asked, why was the account kept so long without returning it with objections ? From the case, no one can say how long Samuel Brush did keep it, for he is dead, and may have died, for aught that appears, the very day after the account was delivered, and as to the present defendant, it does not appear when he returned from Europe, nor is there any evidence that he ever saw the account before this action was instituted. But keeping the account in this way can, at best, only be evidence of its being just, were the parties litigating in a court of chancery, but could not amount to that express promise to pay, without which a suit here cannot be maintained. The verdict, therefore, is palpably against evidence, and a new trial must be had with costs to abide the event of the suit. The costs are disposed of in this way because the jury were directed to find for the plaintiffs, if they were satisfied “ there had been a liquidation :f accounts between the parties, or an admis* *297 sion of the balance due, as stated in the account rendered by Nixon.” The jury should have been told “that, without evidence of an express promise.to pay this balance, the defendants were not liable.”
Spencer, J.
Three objections are raised to the verdict in this case: 1. That when the contract was made between Jesse Brush and Nixon, Samuel was not a partner; 2. That the evidence offered by the plaintiffs was not sufficient to justify the verdict; 3. That the Brushes were separately answerable to Nixon, as joint partners with him, and not jointly answerable, and, therefore, the remedy is at law.
The first objection is founded on the evidence in the case, that Jesse alone made the contract with Nixon. But the case states,' although he did not then know of Samuel Brush, that after only seven barrels of beef had been purchased, Samuel was introduced by Jesse to Nixon, and it was then declared by Jesse that they were partners in business, and concerned together in that adventure. It also appears that when the account was rendered, it was delivered to Samuel, who made no objection as to the amount or manner of the charge. From these facts there can be no manner of doubt, that the *jury were warranted in presuming the partnership between the brothers was anterior to the contract made by Jesse with Nixon. If so, it then follows, that whether he was known to Nixon or not, he would, as a dormant partner, be equally responsible. Grace v. Smith, 2 Black. Rep. 998. The second objection is, I think, equally untenable. The evidence having shown the Brushes to be partners, the delivery of the account to one of them, and its being retained so long, are strong testimony of an admission of its correctness. The reason assigned by Samuel was no excuse for his not examining the accounts, and objecting to them if objectionable. It has been held in chancery that an ao *298 count current, sent by one merchant to another, with a balance struck in favor of the remitter, shall, after being kept two years without objection, be considered as a stated account. Ticket v. Short, 2 Ves. 239. Sherman v. Sherman 2 Vern. 276 The rules of evidence being the same in both courts, I have therefore ground for saying, that in the present case, where the lapse of time was greater, the detention of the account so long, without expressing the least objection, was an admission of it. If it was considered as a stated account, the interest which the jury allowed was correct.
The third objection appears to me to be equally unfounded. Why, with respect to a particular share of a vessel, there may not be partners, I can see no reason. If there may be, then undoubtedly they might, in that capacity, become answerable to another person, holding a distinct share in the same vessel, as well as to any other individual. It is not stated in the case, but it has been attempted to be inferred, that Nixon and the Brushes were joint partners, and, therefore,.that the only remedy is in chancery. Without discussing whether, if they were partners, a suit at law could be maintained in the present case, I proceed on the ground that they were not partners. The defendant and his brother, as owners of a part of the ship, were bound to furnish their proportion of the cargo. Instead of getting credit of a third person, not interested in the vessel, they obtain that credit from Nixon, and why, for such advances, there should not be a legal responsibility I cannot perceive. It is true, that as respects third persons, the entire owners might be answerable jointly ; not, however, on the technical ground of partners, but as joint owners. The ingenious author of the Lex Mercatoria Americana, p. 423, very properly questions the notion that shipowners(a) are to *be considered as *299 partners. On the whole, in my opinion, the verdict ongh. not to be disturbed.[1]
New trial.

 In Wright v. Hunter, 1 East, 20, the court of king’s bench say, if three persons own one portion of a ship, and a fourth another, tho' gh as between *299 creditors, they constitute one partnership, yet, as between themselves, the three make a distinct partnership; with whom the fourth may contract, and on that contract sue one or all of them, and, if all be not sued, they may plead in abatement.

 One partner, in a particular transaction, is not liable to the others, except on an express promise to pay. Townsend v. Goeway, 19 Wend. 424