JOHN GULICK and JACOB GULICK v. WILLIAM GULICK.

One partner may maintain an action against another partner, if there has been a dissolution of the partnership, a settlement, a balance struck, and an express promise to pay.

The acts and assumptions of one partner in relation to any of the partnership dealings, will bind him and his partner.

This was an action of assumpsit brought in the Court of Common Pleas of the county of Somerset, by William Gulick, against John Gulick and Jacob Gulick. A verdict and judgment were rendered in favor of the plaintiff, and removed into this court by the defendants. The reasons relied upon for a reversal, sufficiently appear in the opinion of the court delivered by the chief justice.

*C. L. Hardenburgh* and *J. S. Green* for plaintiffs in error.
*E. Wood*, for defendant.

HORNBLOWER, C. J.    This was an action of assumpsit brought by William Gulick, the defendant in error, against John and Jacob Gulick, who are the plaintiffs in error.    The plaintiff below having given some evidence of a partnership or connection in business, as stage owners or otherwise, between the defendants, produced three documents, which are marked and referred to in the bill of exceptions, as exhibits A, B, & C. After proving that these documents were all in the hand writing of John Gulick, one of the defendants, the plaintiff offered them in evidence.    To this the defendants objected; but the court overruled the objection, and admitted the papers to be read to the jury.    In doing so, it is supposed that the Court of Common Pleas committed an error.    The document marked C, appears to be an account current, between *John* and *Jacob Gulick*, on the one side, and *William Gulick* on the other, commencing in May, 1825, and continuing down to February, 1828.    On the credit side of this account, among other items, *William Gulick* is credited with one thousand two hundred and sixty dollars, and seventy-six cents, in the following manner : viz. " April, 1826.    By our assumption on statement of stage settlement to April, 1826, and for James McLure and Isaac Gulick as per statement, one thousand two hundred and sixty dollars and seventy-six cents."    No legal objection is perceived to the admissibility of this paper in evidence.    It is an account in the handwriting of one of the defendants, admitting a balance due from him and his partner,(if they were partners) to the plaintiff; and while unexplained and uncontradicted, would sustain the action provided the plaintiff had sufficiently proved the partnership of the defendants; and whether he had done so or not, was a question for the jury.    This paper then being legal evidence, and no separate or specific objection having been urged below, against its admission, or the admission of either of the others, it may be doubted whether the plaintiffs in error are entitled to be heard in opposition to them here.    But upon inspecting the other documents, I am satisfied, that they too were legal and proper evidence.    One of the items credited by the defendants to the plaintiff below, was their assumption of a bal-

ance due to him on a statement or settlement of certain stage
accounts. To explain and corroborate this assumption, was
perhaps not necessary on the part of the plaintiff in that stage
of the cause: but to do so, was manifestly his design in offer-
ing the papers A and B. They contain the statement of the
stage accounts referred to in the account current; and they
show that there was a balance of one thousand two hundred and
sixty dollars and seventy-six cents, due to the plaintiff, from a
general firm, called the Exchange Line, of which he, and the
defendants, with others, were, or had been partners, and that
the payment thereof had been assumed by the defendants. In
this point of view, the documents A and B, were legal evi-
dence: the accounts had been stated and the assumption made
by, and in the handwriting of one of the defendants, as ap-
pears by the testimony, in the presence of the other; and that
too, at a meeting of all the parties interested in those accounts,
for the very purpose of making a balance sheet, or settlement.
There was, therefore, no error in admitting those papers in
evidence. Whether upon the whole case the plaintiff was enti-
tled to recover, is to be considered under the

Second error assigned; which is, on the refusal of the court
to nonsuit the plaintiff. The ground upon which a motion for
a nonsuit was made, and on which the plaintiffs in error now
seek a reversal of the judgment, is, that the plaintiff's demand
was founded on a partnership transaction, in which the plain-
tiffs and the defendant in error, with others, were concerned as
partners. If the suit was brought by the plaintiff below, *solely*
to recover money claimed to be due to him from the defendants
on a partnership transaction between him and them, or in which
he and they, with others, were concerned as partners, then the
motion to nonsuit the plaintiff would have been the proper
course, and would have brought up the question intended to be
raised by the plaintiffs in error. But it is not perceived how
such a motion could be sustained upon the evidence in this case.
The plaintiff brought an action of assumpsit, and in support of
it, gave in evidence an account made out by the defendants or
one of them, claiming sundry credits to themselves, and giving
various credits to the plaintiff, and upon the foot of the account
showing a balance in favor of the plaintiff. It is true, one of

the items on the credit side of the account, was a balance due on a partnership transaction; but that could not be a ground for nonsuiting the plaintiff. If that item had been excluded, the plaintiff would still have had a right to put the cause to the jury, upon the rest of the account. Instead then of a motion for a nonsuit, the defendants should have called on the court to instruct the jury, that so much of the plaintiff's demand as was founded on partnership dealings, ought to be excluded from their deliberations. This not having been done, there was no error in refusing to nonsuit the plaintiff. But since the counsel on both sides, have argued this cause, as if the right of the plaintiff to recover upon the assumption by the defendants, of the balance on the stage settlement, was the only question, it will be but right to decide the case in reference to that point.

That one partner either before or after a dissolution, cannot maintain an implied assumpsit against his copartner, is conceded. But it is not true as a general proposition, that no action at law can be maintained for moneys due upon a partnership transaction. If there has been a dissolution of the partnership, a settlement, a balance struck, and an express promise to pay, an action may be maintained. *Westerlo* v. *Evertson,* 1 *Wend. Rep.* 532; *Neven* v. *Spikerman,* 12 *Johns. Rep.* 401; *Casey* v. *Brush,* 2 *Caines Rep.* 293; *Moravia* v. *Levy,* 2 *T. R.* 483, *in note; Foster* v. *Allanson,* 2 *T. R.* 479. Now, in this case, there was a settlement of the general stage concern, called the Exchange Line; or at least, sufficient evidence of one, to go to the jury. There was also evidence of a balance struck in favor of the plaintiff; and there is express written evidence of an assumption or promise to pay that balance, in the hand writing of one defendant, made in the presence of another: and this balance is afterwards actually carried to the credit of the plaintiff, in an account stated between the plaintiff and the defendants, also in the hand writing of one of the defendants. To this it is answered, that there was no dissolution of the partnership. Whether when partners meet, settle up their accounts to a given day, ascertain the balances due to and from the individual partners on that day; and the debtor partner expressly assumes and promises to pay the balance due from him to another partner, to whom the firm is indebted, an action can be maintained

upon such promise, if the partnership continues, it is not now necessary to decide. In this case, the plaintiff below, insisted, that the original stage partnership was dissolved at the time when the settlement and assumption of the defendants, was made. That William Gulick then ceased to be a partner in the Exchange Line, and retired from the firm; and in proof of this, we are referred to the accounts contained in exhibit A; which shows that his name was never introduced into any of the statements or settlements made after that period. Now if William Gulick had ceased to be a partner in April, 1826, the firm was then dissolved; the elements of which it had been composed were broken up; and if the rest of the partners continued the business under the same, or any other name, it was nevertheless a new or different partnership. Whether there was a dissolution or not, was then a question for the jury; and the evidence insisted on by the plaintiff was at least sufficient to be left to them. Hence the court was right in refusing to nonsuit the plaintiff. It appears from the evidence contained in the bill of exceptions, that the general firm called the Exchange Line, was composed in fact, but of four constituent members, though there were six persons interested: viz. John Gulick, sen., John Gulick, jun., Jacob Gulick, William Gulick, Isaac Gulick and James McLure. But the two latter seem to have been jointly concerned, and constituted but one member of the general concern; and the same was the case with John and Jacob Gulick, the plaintiffs in error. At least there was evidence enough of this, and also of the fact, that there was a separate partnership in trade between John and Jacob Gulick, to go to the jury. If then there was a separate partnership subsisting between John and Jacob Gulick, as well in relation to the Exchange Line of stages as to other matters, the acts and assumptions of John Gulick, in relation to any of their partnership dealings, would bind him and his partner. *Baker* v. *Stackvole*, 9 *Cowen Rep.* 410; *Bell* v. *Morrisson*, 1 *Peters U. S. Rep.* 351, 370, 373. An entry in a book of accounts, by one partner, during the partnership, binds his copartner, and is evidence against both. *Walden* v. *Sherburne*, 15 *Johns. Rep.* 409. It is true, the acts or declarations of one person is no evidence as against others, of a partnership between him and them. *Whit-*

*ney* v. *Ferris*, 10 *Johns. Rep.* 66.   But general reputation, connected with corroborating circumstances, are sufficient to establish, prima facie, a partnership.   *Whitney* v. *Sterling*, 14 *Johns. Rep.* 215.

The evidence of a separate and distinct partnership between the defendants in this case, is not very clear, but upon looking into the bill of exceptions, I am of opinion it was sufficient to go to the jury.   The judgment, therefore, ought to be affirmed with costs.