# SUPREME COURT.

## GAGE agt. ANGELL.

In an action upon a promissory note for money lent, *held*, on demurrer to the answer, that the defendant might allege and set up as a "*counter claim*," under section 149 of the Code as amended in 1852, a balance due him upon an *unliquidated and unsettled partnership account* between himself and the plaintiff—the partnership alleged to have been dissolved prior to the commencement of the action.—Why?

1st. Because the action is founded upon contract, and therefore liable to be met and defeated by a counter claim.

2d. The counter claim set up by the answer arose upon contract, because the partnership relation can exist only by contract, or agreement of the partners.

3d. The counter claim existed at the commencement of the action.

*Herkimer Special Term, May,* 1853. Demurrer to answer setting up a *counter claim.* The action is upon a promissory note for money lent. The defendant, by way of counter claim alleges that himself and the plaintiff had been for several years co-partners in business—that the partnership had been dissolved prior to the commencement of the action, and that the co-partnership accounts, and dealings between the co-partners were still unadjusted and unsettled, but that upon such dealings and a settlement of such accounts, there was a balance due from the plaintiff to the defendant, to an amount exceeding the sum claimed by the plaintiff in this action, and asks that said partnership accounts be stated and settled, and that so much of the amount due him thereon, be set off against the demand of the plaintiff, to be established upon the trial, and that he have judgment for the residue. To this answer the plaintiff has demurred.

H. NOLTON, *for Plaintiff.*

L. FORD & W. HIGBIE, *for Defendant.*

W. F. ALLEN, Justice.—The claim which the defendant seeks to interpose as a defence to the demand of the plaintiff was not the subject of an action at common law, except an action of account. Neither could it have been set off against

any other demand either at law or in equity, prior to the amendment of the Code in 1852. The partnership accounts are still unliquidated, and there is no express promise to pay an ascertained balance. Murray agt. Bogart, (14 *J. R.*, 318,) Halsted agt. Schmlzel, (17 *J. R.* 80,) Westerloo agt. Evertson, (1 *W. R.* 532,) Cary agt. Brush, (2 *Cain. Rep.* 293 ; 2 *R. S. 4th ed.*, 604, § 12,) Duncan agt. Lyon, (3 *J. C. R.*, 351.)

By the act passed in 1852, amending the Code of Procedure, the law regulating the rights of parties litigant in respect to adverse claims was greatly modified. The design was to enable the parties to settle all disputes, so far as was practicable in one action. To effect this object a term before unknown to the law was employed, which was evidently intended to embrace all matters which, under previous statutes, might have been set off, and all claims, which, under the adjudications of the courts, might have been interposed as defences by way of recoupment, as well as other claims and demands which theretofore could only have been enforced by a separate action. The term " counter claim," as used in the 149th section of the Code as amended in 1852, (*Laws of* 1852, *p.* 654,) is sufficiently comprehensive to embrace any claim or demand of any right or of any amount due or supposed to be due, adverse, or in opposition to the claim or demand of the plaintiff. All claims and demands of the defendant against the plaintiff, in an action, which if allowed will reduce or overrun the plaintiff's claim, may be said to be " counter claims," that is adverse to that of the plaintiff. Whether they may be set up in defence of the action depends upon the question whether they come within the 150th section, which limits and defines the counter claims which may be thus set up. The first sub-division of section 150 provides for cases in which defendants could before have availed themselves of the doctrine of recoupment, and whether it is made to reach other claims it is not material to enquire. In the second sub-division provision is made for matters of set off, and by comparing this provision with those of the Revised Statutes before cited upon the same subject, it will be seen

that many claims are embraced within its terms, which were not the subjects of set off under those statutes.

Counter claims to be available as a defence to an action must arise upon contract, and must exist at the commencement of the action, and the action in which this defence is interposed under the second sub-division of the section referred to, must be one arising upon contract, and with these qualifications and limitations all counter claims, that is, all claims and demands of the defendant, against or in opposition to the plaintiff, may be interposed as a defence to the action. The rules prescribed by the Revised Statutes in regard to set offs, were much more restricted and confined. It matters not that the counter claim is of a character which, before the adoption of the Code, could only have been enforced by suit in equity. The provision of law now is, that " the defendant may set forth by answer as many defences and counter claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both. (*Code,* § 150.) I am unable to see why, upon a fair construction of the act, the answer in this action is not sufficient, and the counter claim alleged a good defence to the action. The inconvenience, and the possible delay to the plaintiff in compelling the final event of an action, to await the result of a final accounting, in a complicated partnership business was urged upon the argument. But the legislature, with full knowledge of these supposed difficulties, have supposed them overcome by the greater convenience to suitors, in the facilities afforded them for disposing of most matters of litigation in one action, and it only remains for the courts to carry out the intention of the legislature in the spirit of the act in question.

Then, 1st. This action is founded upon contract, and therefore liable to be met and defeated by a counter claim.

2d. The counter claim set up by the answer arose upon contract. The partnership relation can only exist by agreement of the partners, and incident to every partnership is an agreement between the partners to account with each other at the determination and close of the co-partnership, and that the

Gage agt. Angell.

balance found due, upon the accounting, from one to the other, shall be paid by the debtor partner.    This is a contract implied by law, if not expressed in terms in the articles of co-partnership.    To enforce this right to an accounting, and to recover any balance which may be due, an action of account at common law, or a bill in equity would lie at the suit of either partner. (1 *Stor. Eq. Jur.* § 662, *et seq.*)

3d. The counter claim existed at the commencement of the action.    The plaintiff by his demurrer to the answer admits the co-partnership between himself and the defendant, the determination of that relation prior to the commencement of the action—that the accounts are unsettled—that upon the settlement thereof, a balance will be found due, more than sufficient to satisfy the claim of the plaintiff, and that the plaintiff is indebted to the defendant upon such partnership accounts, to the amount of this balance.    This certainly would have entitled the defendant to maintain an action of account at common law, or a suit in equity, or upon an agreement to account and pay the balance which should be found due upon the accounting.

The claim of the defendant, strictly and technically arises out of contract, to wit : the contract of partnership and the duties and liabilities assumed by partners upon entering into that relation.    And as the Legislature have embraced all claims of this character, whether legal or equitable, within the terms of the provision, under consideration, this cannot be excluded.    Judgment for defendant, with leave to the plaintiff to reply on payment of costs.