WILLIAM WADDELL, Respondent, *v.* NEIL J. DARLING, Appellant.

In an action upon a contract, a balance due defendant upon an unsettled partnership account between the parties, which partnership was dissolved, prior to the commencement of the action, is a proper counter-claim; and defendant can ask for an accounting, and the application of the balance found due him in extinguishment of plaintiff's demand.

(Argued September 21, 1872; decided January Term, 1873.)

APPEAL from a judgment of the General Term of the Supreme Court in the third judicial district, affirming a judgment in favor of the plaintiff, entered on the report of a referee.

The action was brought by the plaintiff to recover of the defendant the sum of ninety-five dollars, money alleged to have been paid for a yoke of oxen by the plaintiff, at the request of the defendant; and also for goods, wares and merchandise sold and delivered.

After setting up other defences, the answer alleges the following as a counter-claim:

" And as a counter-claim to the plaintiff's cause or causes of action, the defendant alleges that in and during the years 1854, 1855 and part of the year 1856, the said plaintiff and defendant were equal copartners in a general mercantile business, in the town of Bethel, Sullivan county, N. Y., under the firm name and style of Waddell & Darling ; that said plaintiff and defendant continued to transact copartnership business, in the same firm name, from the spring of 1854 to the spring of 1856, when the said partnership was dissolved. That while engaged in their firm business, during the said years 1854, 1855 and 1856, the said plaintiff and defendant, as such copartners as aforesaid, had a large amount of claims and demands due and owing to them, and a large amount of goods, wares and merchandise, which demands were unsettled and goods unsold at the time they discontinued their said partnership business in the said year of 1856, and which said goods, claims and accounts, and the partnership books of said firm, were left in the possession of said plaintiff, who promised and undertook the collection of said claims and demands, and to sell and dispose of said goods and accounts to the defendant therefor, and to pay him the amount of his interest therein.

" That the defendant is informed and believes that said plaintiff has sold all of said goods and received the avails thereof, and collected a great number of said partnership claims and demands, and retains in his possession and has applied to his own individual use a large amount of moneys so collected and received.

" That the defendant is entitled to the said moneys collected, received and applied by the said plaintiff as aforesaid.

" That said defendant has often demanded of the plaintiff a settlement of said partnership accounts and matters, but that no accounting or settlement between said plaintiff and defendant has ever been had of said partnership accounts and matter.

" The defendant further avers that during the existence of said copartnership, and in the year 1856, the parties hereto

mutually agreed to keep the post-office at Bethel, aforesaid, in their said store, and attend to the duties of said office, and to share in the avails and profits arising therefrom equally, the same as their other copartnership business ; that it was so kept and attended to from about the month of September, 1854, until the termination of said copartnership ; that the avails and income arising therefrom amounted to a large sum of money, which was all received by and appropriated to the individual use of the plaintiff, and he has neglected and still neglects and refuses to account to the defendant for the moneys received as last aforesaid, although often requested so to do by the defendant before the commencement of this action.

"Wherefore, the defendant asks that this court order a settlement and accounting of the said partnership matters and accounts, and all things connected therewith as to the parties hereto, and that whatever may be found due the said defendant from the said plaintiff may be applied as a counter-claim to any claim or claims to which the plaintiff may be entitled in this action against the defendant, and that the defendant have judgment against said plaintiff for any balance which may be found due him upon such accounting and settlement, or for such other or further relief as to the court may seem just and equitable."

There was no reply. Upon the trial the defendant offered to go into the partnership affairs, for the purpose of showing a balance due him in reference to the same. Upon the objection of the plaintiff the referee excluded the evidence. The referee reported in favor of the plaintiff and judgment upon the report was entered.

*Lyman Tremain* for the appellant. Plaintiff's objection, that defendant's counter-claim was a partnership transaction, is not tenable. (Tiff. Prac., 378, 381; *Spencer* v. *Babcock*, 22 Barb., 334; *Shubert* v. *Heastean*, 34 id., 447; 12 N. Y., 266; 15 id., 374; *Signot* v. *Redding*, 4 E. D. Smith, 285; *Kerry* v. *Cowles*, 6 Bosw., 452; 23 How., 238.) Defendant's

claim is clearly a " cause of action arising upon contract," and therefore the subject of counter-claim under the Code. (Code, § 150, sub. 2, 167; *Gage* v. *Angell*, 8 How., 335; *Ives* v. *Miller*, 19 Barb., 197; 2 R. S., 113, § 2; Graham's Prac., 2d ed., 80; *Reab* v. *McAllister*, 8 Wend., 109; Van Sant-voord's Eq. Pr., 213, 214, and cases cited; 2 Keyes, 304; *Crary* v. *Goodman*, 2 Kern., 266; *Bartlett* v. *Judd*, 23 Barb., 262; 7 Abb., 373, 397; 2 Duer, 642; *Cumming* v. *Morse*, 25 N. Y., 625, 630; *Capron* v. *Bank of Utica*, 3 Seld., 486; 1 Lans., 61; 13 N. Y., 248; 7 How., 294; 34 Barb., 447; 52 id., 132, 137; 4 E. D. Smith, 285; 37 How., 299; 6 Bosw., 452; *McMurray* v. *Ransom*, 3 Hill, 70; *Kelly* v. *Kelly*, 3 Barb., 419.) The answer stood admitted, and defendant was entitled to the relief demanded. (*Ives* v. *Miller*, 19 Barb., 198.)

*Amasa J. Parker* for the respondent. Assets of a firm can only be used to pay the firm debts. (1 Story's Eq. Jur., 750.) Defendant could not ask a settlement of the partnership affairs till all the necessary parties were before the court. (Code, § 122; *Cornsen* v. *Hamlin*, 2 Duer, 513.) Defendant cannot set off an unsettled partnership account where no balance has been struck. (*Ives* v. *Miller*, 19 Barb., 196; *Cumming* v. *Morris*, 3 Bosw., 560; affirmed, 25 N. Y., 625–629.)

EARL, C. The evidence was abundant to sustain the decision of the referee, and the only question for our consideration arises upon the rejection of the evidence as to the alleged counter-claim. " Counter-claim " was a new term, introduced into the Code, which is limited and defined therein. When the action is upon contract, unless the counter-claim arises out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or be connected with the subject of the action, it must be a legal or equitable cause of action against the plaintiff arising upon contract and existing at the commencement of the action.

It is manifest, however, that every cause of action existing

in favor of the defendant against the plaintiff, arising upon contract, cannot be the subject of a counter-claim. It must be a cause of action, upon which something is due the defendant, which can be applied in diminution of plaintiff's claim. For instance, a cause of action for the specific performance of a contract in reference to real estate arises upon contract, and yet cannot be set up as a counter-claim unless it grew out of or be connected with the cause of action alleged in the complaint.

If A. should sue B. upon a promissory note for $1,000, I entertain no doubt that B. could set up that he and A. had been partners; that the partnership was dissolved, and that A., upon a settlement and adjustment of all the partnership affairs, was justly indebted to him in the sum of $1,000, and claim this balance as a counter-claim. It would be unjust to compel B. to pay A. the amount of the note while A. was owing him the same amount upon the partnership transactions; B.'s claim in such case arises upon contract. Partnerships are created by contract, and the relations of partners are regulated by contract, express or implied. In all partnerships, whether it be embodied in a formal contract or not, there is an implied contract that, at the termination of the partnership, there shall be an accounting, and that the balance found due the one from the other, upon the final adjustment, shall be paid.

The object of introducing counter-claims into the practice under the Code was to enable parties to settle and adjust all their cross-claims in a single action, so far as they could. In the case supposed all the necessary parties should be before the court. No one need ordinarily be made parties to a suit to wind up the affairs of a copartnership, except the partners. If there be creditors, the court will take care of their interests. They need not be made parties to the action. The balance due may be just as well ascertained when it is set up as a counter-claim as if a direct suit were commenced to ascertain and adjust it. I am, therefore, well satisfied with the reasoning and conclusion of Judge Allen in the case of *Gage* v.

*Angell* (8 How. Pr., 335), notwithstanding the contrary conclusion reached by a very able court in *Ives* v. *Miller* (19 Barb., 197).

Where a partnership is dissolved, the assets are to be used in the first instance to pay the creditors of the firm, and then to adjust the equities between the partners for inequality of capital and advances, and for other matters provided for in the partnership agreement; and the balance, if any, is to be divided between them. A partner who is indebted to the firm may yet commence an action for the adjustment of the partnership affairs and the distribution of the partnership effects, and has a cause of action for such purpose, and such cause of action arises upon contract. Yet in such case he could not set up his cause of action as a counter-claim, because he would have nothing to go in diminution of plaintiff's claim. Such is the difficulty with the alleged counter-claim in this action. It contains no allegation that upon the settlement of the partnership affairs there would be anything due the defendant, as was contained in the case of *Gage* v. *Angell.* There it was alleged that upon a settlement of the accounts "there was a balance due from the plaintiff to the defendant to an amount exceeding the sum claimed by the plaintiff" in the action. For aught that appears in this answer, the defendant may have been indebted to the plaintiff upon the partnership affairs. There is an allegation that the plaintiff has converted some of the partnership effects into money and applied the money to his individual use. This the plaintiff may have had the right to do; and, notwithstanding this, at a final accounting the defendant might have been found indebted to him. There is also an allegation that the defendant is entitled to the moneys collected, received and applied to his own use by the plaintiff. The facts alleged showed that he was not thus entitled. The money, when collected, belonged to the firm; and whether the plaintiff could be compelled to pay any of it to him, depended upon whether a balance was found in defendant's favor upon the final adjustment. There seems to have been in the pleading,

which was under oath, a careful avoidance of any allegation that there was or would be any balance due the defendant. Hence, when the plaintiff admitted this alleged counter-claim by not replying to it, he admitted nothing constituting a counter-claim; and as no counter-claim was alleged, no proof was admissible under this portion of the answer.

We are without the reasons for the decision at General Term. This construction of the pleading may, perhaps, seem somewhat strict, but it is clearly allowable for the purpose of upholding a judgment rendered and affirmed by the courts below.

But a majority of my brethren differ with me as to the point last discussed, and are of the opinion that the answer, fairly construed, is sufficient to show that the defendant claimed a balance to be due him upon the parnership accounts; and further, that the objection to the evidence sustained by the court was not that there was any imperfection in the manner in which the counter-claim was set up, but that a balance due upon unsettled partnership accounts could not be set up and urged as a counter-claim in this action.

The judgment should be reversed and new trial granted, costs to abide the event.

All concur.

Judgment reversed.