WEIL et al., *Appellants*, v. JONES.

1.  **A Bill of Exceptions** will not be disregarded by this court on the ground that it was filed in vacation, unless the record shows that to be the fact.

2.  **Administration.** An administrator has no power to transfer an account due the estate without an order of court authorizing the transfer. (*Stagg v. Linnenfelser*, 59 Mo. 336 )

3.  **Set-off:** PARTNERSHIP. A debt due a partnership cannot be set-off against a debt due by an individual partner. (*Lamb v. Brolaski*, 38 Mo. 51.) See *Fulkerson v. Davenport, ante,* p. 541.

*Appeal from Phelps Circuit Court.*—HON. V. B. HILL, Judge.

REVERSED.

This was a suit upon an account for goods furnished by plaintiffs to defendant.     Defendant filed a counterclaim. It appeared that plaintiffs, who were a mercantile firm, had sold goods to one Koenig, who subsequently took defendant into partnership with him, the new firm taking the name of Koenig & Jones; that at the time this firm was formed Koenig owed plaintiffs a balance of $575.21, which balance was, by plaintiffs, carried into the account of the firm.     The testimony whether this was done with the knowledge and consent of the firm, was conflicting.     Goods were furnished to the firm from time to time, and such payments were made that upon the dissolution of the firm a balance was found due from plaintiffs.     If the balance of $575.21 from the old account of Koenig was properly charged against the firm, the balance due from plaintiffs upon a settlement would be $31.36; if it was not properly charged, the balance would be $606.57, and plaintiffs still had a claim against Koenig for $575.21.     The firm of Koenig & Jones dissolved, and Koenig afterwards died. Jones went on in business, and plaintiffs furnished him goods to the amount of $187.39, for which this suit was brought. On the day the suit was brought, the defendant took from the administrators of Koenig an assignment of Koenig's

interest in the claim of the late firm against plaintiffs; and this was the counterclaim set up in the answer. The assignment was made without any order of the probate court authorizing it. The case was submitted to a jury without instructions, and the defendant had a verdict and judgment for $419.18, from which plaintiffs appealed.

*L. F. Parker* and *C. F. Moulton* for appellants.

*C. C. Bland* for respondent.

SHERWOOD, C. J.—So far as concerns the bill of exceptions, it does not appear that it was filed in vacation, and if not so filed, no consent of parties entered of record was necessary. For aught that is shown by the record, the February term may have continued till the 9th day of March, when the bill was filed. *Pershing v. Canfield, ante*, p. 140.

1. A BILL OF EXCEPTIONS.

In the above views of my associates, I do not concur. The brief of one of the counsel for plaintiffs expressly admits the filing of the bill to have occurred in vacation, and it nowhere appears to have been filed in term, or that consent was entered in term for filing out of term.

The executor or the administrator of an estate has no authority to transfer the debts or evidences of debt due the testator or intestate, except as expressly permitted by statute. 1 Wag. Stat., p. 89, § 40; *Stagg v. Linnenfelser*, 59 Mo. 336. It was error, therefore, to admit in evidence, against plaintiffs' objection, the alleged assignment of the interest of the estate of Koenig, in the accounts of Koenig and Jones against the plaintiffs, which alleged assignment purports to have been made by the administrator and administratrix of Koenig.

2. ADMINISTRATION.

But even if such an assignment could, under express statutory prohibition, be held valid, it would avail defendant nothing, and this because a debt due a partnership cannot be set off against a debt due by an individual partner. *Lamb v. Brolaski*, 38 Mo.

3. SET-OFF: partnership.

36—70

51. So that whether plaintiffs were indebted to Koenig, or to Koenig & Jones, could not better the condition of the defendant. He was sued on an individual debt for $187.39; the accounts furnished by plaintiffs showed that the firm of Koenig & Jones was entitled to a credit of $31.36, while by the account defendant testified had been furnished him by plaintiffs, the firm of Koenig & Jones was entitled to a credit of $575.51. It is quite evident from the verdict of the jury, which was for $419.18, and $35.60 interest, that they added the $31.36 to $575.21, making $606.57, and from that deducted the defendant's individual account, $187.39, leaving $419.18. So it is clear that the jury, who received no instructions, found for the defendant on the theory of the power of the legal representatives of Koenig to assign an account to defendant, and also upon the theory of the right of set-off existing in a class of cases like the present; but both theories, as just seen, are erroneous. The judgment is reversed, and the cause remanded. All concur.