Devinelle agt. Edy.

## N. Y. COMMON PLEAS.

WILLIAM H. DEVINELLE, appellant, agt. ALBERT R. EDY, respondent.

*Statute of limitations — Code of Civil Procedure, section* 381 — *Action for partnership accounting, where the articles are under seal, not barred till twenty years.*

An action for a partnership accounting, where the articles are under seal, is not barred until twenty years.

Where the defendant, by the partnership agreement, agreed to pay one-half the losses and expenses and has failed to do so, and plaintiff, under his partnership liability to third person s, has paid the whole, the basis of an action by plaintiff to recover one-half the sums paid by him is the defendant's covenant to pay over half and its breach.

*General Term, January,* 1884.

In April, 1869, the plaintiff and defendant formed a partnership by an agreement under seal. Among other provisions was the following: "All losses happening to the said firm * * * and all expenses of the business shall be borne by the said parties in equal proportions." The business proved unprofitable and was wound up in December, 1869. The plaintiff, on or before June, 1870, paid and expended moneys for said firm in its business. Before this action payment of one-half these disbursements was demanded by the plaintiff from defendant and was refused. The action was brought October 24, 1882. The complaint asked an accounting and judgment for one-half the sums paid by the plaintiff. The court below dismissed the bill, holding the claim barred by the statute of limitations. The plaintiff appealed from the decree to this court.

*Childs & Hull,* for appellant.

*A. J. Vanderpoel* and *John M. Bowers,* for respondent.

Devinelle agt. Edy.

BEACH, *J.*— The question raised by this appeal is whether or not the action is upon a sealed instrument, and so amenable to the twenty year limitation (*Code Civil Pro.*, *sec.* 381).

After extended examination I fail to see upon what the action is based, save the covenant to bear one-half the losses and pay a like proportion of the expenses. The defendant is alleged to have broken that covenant by not paying his quota, and, therefore, liable to the plaintiff who has paid his share, in addition to his own. The conclusion of the learned justice below that there was an absence of any covenant in the agreement whereby one partner was to pay the other for any amount paid in excess of one-half, and, therefore, the action was not brought upon the indenture, seems to me an over refined distinction.

The defendant certainly agreed to pay one-half the losses and expenses, has failed to do so, and plaintiff, under his partnership liability to third persons, has paid the whole. The basis of this action is assuredly the defendant's covenant to pay one-half and its breach. The illustration of co-obligors on a bond under seal where one pays the whole sum is not analogous. The right to contribution in such case results from a principle of equity jurisprudence, not contract express or implied (1 *Story's Eq. Jur.* [12*th ed.*], *sec.* 493 ; *Aspinwall* agt. *Sacchi*, 57 *N. Y.*, 331). If the bond contained a covenant between the co-obligors to pay one-half, or other proportion of the penalty, there would be no need to rely upon the equitable principle, and an action for contribution would necessarily be founded on the covenant.

The remarks of BUTLER, J., in *Foster* agt. *Allanson* (2 *T. R.*, 779), and in the note referring to *Moravia* agt. *Levy*, while not directly pertinent, give strength to these views. The parties were partners by indenture, and stated the accounts, including items not included in the partnership business. The defendant promised to pay the balance against him. The action was assumpsit, the learned judge saying in each case that the action would lie because of the promise, but without

Matter of Hall.

the promise the action would have been on the covenant (*Casey* agt. *Brush*, 2 *Caines*, 293).

The case of *Peters* agt. *Delaplaine* (49 *N. Y.*, 365) does not bear upon the point. The court there held an action for specific performance involved considerations for the court, outside the provisions of the contract, and no difference resulted from the contract being under seal or without. Facts disconnected with the instrument whereof performance is sought, such as laches, material change in the condition of the parties, and other surroundings, influenced the discretion of the court to grant or deny the relief, and therefore the action was not brought upon the contract.

The case of *Knox* agt. *Gye* (*L. R.*, 5 *House of Lords*, 656), and *Noyes* agt. *Crawley* (10 *Ch. Div.*, 31) depended upon the statute limiting an action of account to six years. There is no similar provision in our law.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.