WILLIAM H. DWINELLE, Appellant, *against* ALBERT R. EDEY, Respondent.

(Decided January 21st, 1884.)

An action for an accounting between partners founded on a covenant in their partnership agreement, under seal, that losses and expenses should be borne by them in equal proportions, is an action upon a sealed instrument, under Code of Civil Procedure § 381, which may be brought at any time within twenty years.

APPEAL from a judgment of this court entered upon the decision of the judge at the trial dismissing the complaint.

In April, 1869, the plaintiff and defendant formed a partnership by an agreement under seal. Among other provisions was the following: "All losses happening to the said firm . . . . . and all expenses of the business shall be borne by the said parties in equal proportions." The business proved unprofitable and was wound up in December, 1869. The plaintiff, on or before June, 1870, paid and expended moneys for said firm in its business. Before this action payment of one-half these disbursements was demanded by the plaintiff from defendant and was refused. This action was brought October 24th, 1882. The complaint asked an accounting and judgment for one half the sums paid by the plaintiff.

At the trial, the court dismissed the complaint, on the ground that the claim was barred by the Statute of Limitations. From the judgment for defendant entered thereon, plaintiff appealed.

*Erastus Cooke*, for appellant.—The twenty years' limitation prescribed by section 381 of the Code of Civil Procedure applies in terms to "an action upon a sealed instrument." This limitation is not confined to instruments for the payment of money only, but applies to sealed instruments of all kinds (*Peters* v. *Delaplaine*, 49 N. Y. 370; Throop's Ed. Code Civ. Pro., note to § 381).

This action is brought directly upon the covenant to pay one half the losses and expenses of the business (Wood's Limitation of Actions, § 72; *Foster* v. *Allanson*, 2 T. R. 479; *Moravia* v. *Levy*, Id. note; *Gilson* v. *Stewart*, 7 Watts 100; *Miller* v. *Watson*, 5 Cowen 195; *Anon.*, 2 T. R. 128; 1 Chitty on Pleading, 94; *Andrews* v. *Montgomery*, 19 Johns. 162; *Glover* v. *Tuck*, 24 Wend. 153; *Madge* v. *Puig*, 12 Hun 15; Comyn's Dig., tit. Covenant A 1; *Jones* v. *Butler*, 87 N. Y. 616; *Booth* v. *Cleveland Mill Co.*, 74 N. Y. 21; *Frey* v. *Johnson*, 22 How. Pr. 316; *Hall* v. *Dean*, 13 Johns. 105; 1

Chitty on Pleading, 109; *Sampson* v. *Easterly*, 9 Barn. & C. 505; *Salton* v. *Houston*, 1 Bing. 433).

The principle applicable to contribution between co-obligors upon a bond is not founded on an implied promise, or upon contract at all, and does not apply (*Aspinwall* v. *Sacchi*, 57 N.Y. 335; *Norton* v. *Coon*, 3 Denio 130; *Deering* v. *Earl of Winchelsea*, 2 Bos. & P. 270; *Penniman* v. *Vinton*, 4 Mass. 276.) The action is clearly on the covenant, and subject to the twenty years limitation (*Bommer* v. *American Spiral &c. Manuf. Co.*, 44 Super. Ct. 454, aff'd 81 N. Y. 468; *Peters* v. *Delaplaine*, 49 N. Y. 362).

The case of *Knox* v. *Gye* (4 Moak's Eng. Rep. 44), quoted by defendant's counsel, was an equitable action for an accounting. There was no sealed instrument in the case. *Noyes* v. *Crawley*, also cited, was the same in its nature, and is alike inapplicable. Other cases cited (as *Loder* v. *Hatfield*, 71 N. Y. 92; *American Bible Soc.* v. *Hebard*, 51 *Barb.* 552) were actions to recover legacies, or (as *Borst* v. *Cory*, 15 N. Y. 505; *Coleman* v. *Second Ave. R. R. Co.*, 38 N. Y. 201) actions on simple contract debts, in no possible way applicable to this case.

*Aaron J. Vanderpoel* and *John M. Bowers*, for respondent.—This is not an action upon any covenant contained in a sealed instrument. The cause of action, if any, arises on the failure to indemnify for moneys alleged to have been paid out on account of the copartnership dealings. Not every action founded on a sealed instrument can claim the protection of the twenty years' limitation; for example, the twenty years' statute does not apply to an action for a legacy (*Loder* v. *Hatfield*, 71 N. Y. 109; *American Bible Soc.* v. *Hebard*, 51 Barb. 552, aff'd 41 N. Y. 619); or to an action for specific performance of a contract for sale of land under seal (*Peters* v. *Delaplaine*, 49 N. Y. 362); *Bommer* v. *American Spiral &c. Manuf. Co.* (44 N. Y. Super. Ct. 454), that the twenty year statute applied to an action for an accounting under a sealed instrument granting a right to manufacture a patented article, though affirmed in the

Court of Appeals, was not affirmed on this point (81 N. Y. 468). If a mortgage be given to secure a contract debt and there is no express agreement in the mortgage to pay it, the statute runs in six years against a suit on the debt (*Jackson* v. *Sacket*, 7 Wend. 94; *Hoeyer* v. *Pruyn*, 7 Paige 465; *Borst* v. *Cory*, 15 N. Y. 510). When a bond under seal is executed by two parties, and one pays the whole bond and then sues for contribution, the short statute applies, and not the statute as to an action on a sealed instrument. The reasoning is that the action is on the breach, not of the bond, but of the obligation to indemnify. The executing of the bond is the consideration for the promise, but the breach is of the obligation to indemnify (*Penniman* v. *Vinton*, 4 Mass. 276; Angell on Limitations, § 89).

An action for a copartnership accounting must be brought within either six or at the utmost ten years (*Knox* v. *Gye*, L. R. 5 H. L. 656; *Noyes* v. *Crawley*, L. R. 10 Ch. Div. 31; and, in this state, *Lawrence* v. *Trustees of Leake & Watts' Orphan Asylum*, 2 Denio 577; *Still* v. *Holbrook*, 23 Hun 517; *Rodman* v. *Devlin*, Id. 590; *Atwater* v. *Fowler*, 1 Edw. Ch. 417).

The plaintiff had a remedy on the law side of the court, by the action of account (*Kelly* v. *Kelly*, 3 Barb. 419; *Appleby* v. *Brown*, 24 N. Y. 143).

Statutes of limitation are founded on sound policy, are statutes of repose, and are not to be evaded by construction (*Roberts* v. *Pillow*, Hempst. 624; *Philip* v. *Pope*, 10 B. Monr. 163; *Dickinson* v. *McCarny*, 5 Ga., 483; *McArthy* v. *White*, 21 Cal. 495).

The case of *Codman* v. *Rogers* (10 Pick. 111), cited by plaintiff's counsel, when carefully examined does not determine that an action for accounting on a copartnership agreement, where under seal, can be brought at any time within twenty years. The case at bar is far more analogous to the case reported in 4 Mass. (*supra*). The case in Pickering was to recover assets actually collected by a partner. The case at bar is for contribution claimed by one partner

against the other, the matter arising as a result of the co-partnership business, and not covenanted to be paid.

BEACH, J.—[After stating the facts as above.]—The question raised by this appeal is whether or not the action is upon a sealed instrument, and so amenable to the twenty year limitation (Code Civ. Pro. § 381).

After extended examination I fail to see upon what the action is based save the covenant to bear one half the losses and pay a like proportion of the expenses. The defendant is alleged to have broken that covenant by not paying his quota, and, therefore, to be liable to the plaintiff who has paid his share, in addition to his own. The conclusion of the learned justice below that there was an absence of any covenant in the agreement whereby one partner was to pay the other for any amount paid in excess of one half, and, therefore, the action was not brought upon the indenture, seems to me an over refined distinction.

The defendant certainly agreed to pay one half the losses and expenses, has failed to do so, and plaintiff, under his partnership liability to third persons, has paid the whole. The basis of this action is assuredly the defendant's covenant to pay one half, and its breach. The illustration of co-obligors on a bond under seal where one pays the whole sum is not analogous. The right to contribution in such case results from a principle of equity jurisprudence, not contract express or implied (1 Story's Equity Jurisprudence, 12th ed. § 493; *Aspinwall* v. *Sacchi*, 57 N. Y. 331). If the bond contained a covenant between the co-obligors to pay one half or other proportion of the penalty, there would be no need to rely upon the equitable principle, and an action for contribution would necessarily be founded on the covenant.

The remarks of BUTLER, J, in *Foster* v. *Allanson* (2 T. R. 779) and in the note referring to *Moravia* v. *Levy*, while not directly pertinent, give strength to these views. The parties were partners by indenture, and stated the accounts, including items not included in the partnership business.

VOL. XII.—17

The defendant promised to pay the balance against him. The action was assumpsit, the learned judge saying in each case that the action would lie because of the promise, but without the promise the action would have been on the covenant (*Casey* v. *Brush*, 2 Caines 293).

The case of *Peters* v. *Delaplaine* (49 N. Y. 362) does not bear upon the point. The court there held that an action for specific performance involved considerations for the court, outside the provisions of the contract, and no difference resulted from the contract being under seal or without. Facts disconnected with the instrument whereof performance is sought, such as laches, material change in the condition of the parties, and other surroundings, influenced the discretion of the court to grant or deny the relief, and therefore the action was not brought upon the contract.

The case of *Knox* v. *Gye* (L. R. 5 H. L. 656), and *Noyes* v. *Crawley* (L. R. 10 Ch. Div. 31) depended upon the statute limiting an action of account to six years; there is no similar provision in our law.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.