(February 6, 1888.)

## McGUIRE v. LAMB.

[17 Pac. 749.]

Counterclaim—Pleading.—A counterclaim alleging a debt due defendant and a former partner, or a stranger to the suit, *held,* to be bad, and a demurrer thereto properly sustained.

Same.—A counterclaim which fails to allege that the debt existed at the commencement of the action, but alleges that it is now due, *held,* to be bad and a demurrer thereto properly sustained.

Findings—Judgment.—Where the findings are responsive to all the material issues raised by the pleadings, and. they support the judgment, judgment will be affirmed.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

J. Brumback, for Appellant.

Defendant is permitted to set up as many defenses of new matter or as many counterclaims as he may have, whether legal or equitable. (*Gage v. Angell,* 8 How. Pr. 335; *Waddell v. Darling,* 51 N. Y. 327.) That there must be findings upon all the material issues is already settled by this court in *Bowman v. Ayers,* ante, p. 305, 13 Pac. 346; *Carson v. Thews,* ante, p. 176 9 Pac. 605.

Huston & Gray, for Respondent.

The defendant cannot set up and maintain as a valid counterclaim a right of action subsisting in favor of another person. The test is whether the defendant could have maintained an independent action upon the demand. (*Belleau v. Thompson,* 33 Cal. 495; *Chase v. Evoy,* 58 Cal. 348.) Where a demand sought to be counterclaimed exists in favor of the defendant and a stranger to the action, it cannot be set up. (*Hook v. White,* 36 Cal. 299; *Campbell v. Genet,* 2 Hilt. 290; *Bird v. McCoy,* 22 Iowa, 549; *Weil v. Jones,* 70 Mo. 560; *Harris v. Rivers,* 53 Ind. 216; *Insurance Co. v. Pierce,* 1 Wyo. 45.) The counterclaim must be between the same parties, in the same right, or in the same capacities, as they appear in the original proceeding. (*Naglee v. Palmer,* 7 Cal. 543; *Johnson v. Gunter,* 6 Bush, 534; *Gannon v. Dougherty,* 41 Cal. 661; *Ives v. Miller,*

19 Barb. 196; *Baldwin v. Berrian,* 53 How. Pr. 81; *Baldwin v. Briggs,* 51 How. Pr. 477; *Hopkins v. Lane,* 87 N. Y. 501.) The original findings were sufficient and covered all the material issues raised by the pleadings, and they are supported by the testimony. (*Cooper v. Kellogg,* ante, p. 330, 13 Pac. 350; *Quinn v. Anderson,* 70 Cal. 454, 11 Pac. 746; *Whittle v. Doty* (Cal.), 12 Pac. 299.) The omission to find on an immaterial issue is not error. (*Knowles v. Seale,* 64 Cal. 377, 1 Pac. 159; *Lowvall v. Gridley,* 70 Cal. 507, 11 Pac. 777; *Cary v. Brown,* 58 Cal. 180.) It was immaterial whether the defendant was an attorney at law or not; a finding either that he was or was not could not have changed the result. (*Tage v. Alberts,* ante, p. 271, 13 Pac. 19; *Robinson v. Placerville etc. R. R. Co.,* 65 Cal. 263, 3 Pac. 878.) It was not error in the court filing amended or additional findings. (*Hays v. Wetherbee,* 60 Cal. 396; *Pratalongo v. Larco,* 47 Cal. 378; *Ogburn v. Connor,* 46 Cal. 346, 13 Am. Rep. 213; *Bosquett v. Crane,* 51 Cal. 505.)

HAYS, C. J.—This was an action brought by plaintiff against defendant upon a promissory note given by defendant to plaintiff. The defendant did not deny the cause of action set out in the complaint, but set up three counterclaims. The plaintiff demurred to each of the counterclaims. The demurrer was sustained as to the first and third, but overruled as to the second. The defendant duly excepted to the ruling of the court, and now assigns the same as error.

The first counterclaim is as follows: "That from July 1, 1884, to June 15, 1885, this defendant and one H. E. Prickett were partners in the practice of law, doing business under the firm name of Prickett & Lamb; that during said time said H. E. Prickett and this defendant were each attorneys and counselors at law, practicing as such in the various courts of Idaho territory; that on the fifteenth day of June, 1885, said H. E. Prickett deceased, leaving this defendant the surviving partner; that between the first day of December, 1884, and the first day of June, 1885, this defendant, as such partner, counseled and advised plaintiff, at his request, in and about certain matters and difficulties between said plaintiff and one Nora Gess, since become the wife of plaintiff, and in attending in and about the said business of the plaintiff; that said services were

reasonably worth the sum of $200, no part of which has been paid.". The statutes provide that a counterclaim must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and aris-ing out of one of the following causes of action: 1. A cause of action arising out of the transaction set forth in the com-plaint as the foundation of the plaintiff's claim, or connected with the subject of the action; 2. In an action arising upon contract, any other cause of action arising also upon contract, and existing at the commencement of the action. It seems to be well settled that the defendant cannot set up and maintain as a valid counterclaim a right of action subsisting in favor of another person. The test is whether the defendant could have maintained an independent action upon the demand. If it ex-ists in favor of defendant and a stranger to the suit, it cannot be set up. (*Hook v. White,* 36 Cal. 299; *Weil v. Jones,* 70 Mo. 560; 7 Wait's Actions and Defenses, p. 540, sec. 4, and cases there cited.) Pomeroy, in his work on Remedies and Remedial Rights, section 751, says: "Where a party is sued, a demand in favor of himself and a former partner, not a party to the suit, is inadmissible as a counterclaim." This seems to be abun-dantly sustained by the authorities. It follows, therefore, that the demurrer to the first counterclaim was properly sustained.

The third counterclaim is as follows: "That from the first day of June, 1884, up to the first day of July, 1886, the plain-tiff and this defendant were partners in the manufacture and sale of lumber and shingles in Idaho territory, under the firm name of Lamb & McGuire; that the interest of plaintiff in said partnership was one-third, and the interest of defendant was two-thirds; that the plaintiff and defendant, as such partners, during said time, engaged in the business of manufacturing and of selling and disposing of the same in Idaho territory; that the books of said partnership were kept by one George M. King and one J. C. Shainwald; that this defendant is informed and believes that the liabilities and losses of said partnership have been about $25,000, all of which have been paid by this de-fendant; that this defendant is informed and believes that there is now due and owing to this defendant from said plaintiff for and on account of said partnership the sum of $8,333, no part of which has been paid." Did the court err in sustaining the

demurrer to the third counterclaim? Clearly not, for, from an examination of the transcript before us, we find the action was commenced on the seventh day of September, 1886, and the answer was sworn to on the eleventh day of April, 1887; and the defendant nowhere says that he had paid the liabilities and losses of the partnership before or at the commencement of this action. Again, the defendant says that there is now due and owing to this defendant from said plaintiff for and on account of said partnership the sum of $8,333, no part of which has been paid. He does not say or claim that this demand existed at the commencement of this action. Not having alleged this, the demurrer was properly sustained. (*Rice v. O'Connor,* 10 Abb. Pr. 362; *Chambers v. Lewis,* 11 Abb. Pr. 210.) The third counterclaim of the answer may be true, and yet the defendant have no claim against the plaintiff at the commencement of the action, for he says it is now due. We think he should have stated that at the commencement of the suit the claim was due, or words to that effect. We think there is a marked difference between the case at bar and the cases of *Gage v. Angell,* 8 How. Pr. 335, and *Waddell v. Darling,* 51 N. Y. 327, cited and relied upon by defendant. In the former case the counterclaim alleges the partnership had been dissolved prior to the commencement of the action; and on page 337 of said case the learned judge says: "Counterclaims, to be available as a defense to an action, must arise upon contract, and must exist at the commencement of the action." In *Waddell v. Darling, supra,* the defendant alleged the dissolution of the partnership at a time that was doubtless before the commencement of the action, and also asked for an accounting, and the application of the balance found due; while in the case at bar the dissolution of the partnership is not alleged, nor is any accounting asked for.

The case was tried upon the issues formed by the second counterclaim, before the court without a jury. Findings of fact and conclusions of law filed, and judgment entered thereon. After entry of judgment, exceptions were taken thereto, and during the term in which the case was tried the judge filed further and amended findings, to which defendant excepted. The object of an exception is to call the attention of the ·judge to the particular point complained of, so that he may have an opportunity to correct the same, and thus relieve the party ob-

jecting from the operations of the supposed error. To hold that the judge has no power to amend his findings after exceptions had been taken thereto would be to hold that the judge had no power to correct the error complained of, and would deprive the party complaining of the right which the exception was intended to give him. Of the right to amend findings before judgment we have no doubt. (*Hayes v. Wetherbee,* 60 Cal. 396, and cases there cited; Hayne on New Trial and Appeal, sec. 347.) That they could not do so after an appeal from the judgment had been taken we think equally clear; but whether the judge can amend or file new findings after entry of judgment, and before appeal is taken, is a query which we deem it unnecessary to discuss or decide at his time, for we think the findings, as entered before judgment, were responsive to all the material issues raised by the pleadings, and that they were sufficient to support the judgment.

We have carefully examined all the points discussed by appellant, and, finding no error, the judgment is affirmed.

Buck and Broderick, JJ., concurring.