THE STATE *ex rel.* M. JORDAN, Guardian, Appellant, v. OSCAR McGINNIS *et al.*, Respondents.

### Kansas City Court of Appeals, February 4, 1889.

1. **Practice: BILL OF EXCEPTIONS: TIME AND LEAVE TO FILE.** Plaintiff took leave to file his bill of exceptions on August 1, but filed it on August 20, when court was in recess. This was error; and neither plaintiff nor the clerk had, after the expiration of the leave, though during the continuance of the term, authority to file the bill save by an order of the court in session.

2. **Appellate Practice: BILL OF EXCEPTIONS STRUCK OUT.** The court having examined the affidavits filed, strike out the bill of exceptions, and finding no error in the record, affirm the judgment.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED ( *on motion to strike out bill of exceptions* ).

*Irvin Gordon* and *G. S. Hoss*, for respondents.

Appellant was not authorized under the law in filing his bill after the time allowed him by order of the court. Appellant will contend that as the court adjourned over to a time beyond August 1, he was therefore relieved of his duty to comply with the order of the court. This is not the law. When time is given to file a

bill of exceptions in vacation, or by a given time, as was done in this case, the rule is strict—that it must be filed within the time, and appellant, will not be permitted to file it afterwards in vacation, as was done in this case. He bound himself by an order of court and he is limited to the terms of the order ; the only way that he could relieve himself of it, if at all, was by asking that it be changed, and having failed to do this he cannot complain. *Cuomo v. St. Joseph*, 24 Mo. App. 567 ; *Halloway v. Moberly*, 18 Mo. App. 553 ; *Sinclair v. Bolivar*, 19 Mo. App. 37 ; *Ellis v. Andrews*, 25 Mo. 327 ; *Hoffman v. Frank*, 52 Mo. 542 ; *Taylor v. Newman*, 77 Mo. 257.

*Kimball & January*, for appellant.

This is not the appropriate motion.    The case is properly in this court by appeal, and there might be error in the record proper, and this court will not determine the whole case on a motion.    But, assuming that in passing upon this motion to affirm, the court will regard it as a motion to strike out the bill of exceptions, we have to urge against it :    ( 1 ) The bill of exceptions was not filed before August 1, 1888, for a reason beyond the control of appellant.    ( 2 ) The bill was filed before the final adjournment of the court for the term.    ( 3 ) Appellant had until the final adjournment to file his bill regardless of any order of court fixing an earlier time. *Pershing v. Canfield* 70 Mo. 140.    The rule is not inflexible that a party who takes leave to file a bill of exceptions in vacation must comply at all events and under all circumstances with the order.    Judge Scott, in the case cited by respondents—*Ellis v. Andrews*, 25 Mo. 328—recognizes the fact that sometimes a party will fail without any negligence on his part, and intimates that if the failure be by reason of circumstances beyond the control of the party the rule will not be enforced.

ELLISON, J.—Defendant files his motion to dismiss the appeal herein, or, more properly, to strike out the bill of exceptions on the ground that it was not filed within the time for which leave was given. The appeal was granted to plaintiff on June 18, on which day plaintiff took leave to file a bill of exceptions on or before August 1. He failed to comply with such leave and did not file the bill till August 20, and, as the court was continued by adjournments till August 28, it having adjourned a few days after the appeal was taken to July 15, on which day it was formally opened and adjourned to August 25, and then to August 28, he now contends that since he filed his bill during the term, though after the limit allowed, the filing was legal, under the authority of *Pershing v. Canfield*, 70 Mo. 140; *Weil v. Jones*, 70 Mo. 560. This contention would be true if the bill had been filed in court during the session of the court. By not filing the bill within the time limited by the leave taken, the case remains as though he had not taken a formal leave. The question then is, can a bill of exceptions be filed with the clerk, on a day when the court is not in session, although it may be during the continuance of the term? We think it cannot. We know of no authority in the clerk, outside session of court, to file any matter except such as he is authorized by some statute or by an order of court. In this case the clerk made the following entry on the record: "Afterwards, in vacation, on the twentieth day of August, 1888, comes plaintiff, by attorney, and files in the office of the circuit clerk, in and for the county of Vernon, and state of Missouri, his bill of exceptions," etc. If the court had been properly in vacation, there would have been no authority in the clerk to make this entry, from the fact that the time limited had expired, in which plaintiff or the clerk was authorized to file the bill. Plaintiff, however, seeks to avoid the failure to comply with the leave taken on the

ground of the absence of Hon. D. P. Stratton, the trial judge, thereby, as is alleged, preventing his having the exceptions signed. We have examined the affidavits presented by the parties in this connection, and have concluded to rule the point against the plaintiff.

We shall, therefore, strike out the bill of exceptions; and discovering no error in the record proper, justifying a reversal, we affirm the judgment. All concur.