## SUPREME COURT.

HASBROUCK SHAFER, Receiver, &c., of the goods, &c., of JOSEPH W. BARLOW agt. PHILIP HUMPHREY.

The complaint must conform to the summons as to the *nature of the action.* If not, the complaint will be set aside. The summons must control the complaint in that respect. (*The cases of Boynton* agt. *Lapham,* 14 *How.* 360; *and Tuttle* agt. *Smith, id.* 395, *approved.*)

The summons in this case stated that if the plaintiff failed to answer the complaint as required, the plaintiff would take judgment against the defendant for $300, with interest, besides costs. On demand, the defendant's attorney was served with a copy complaint in the nature of a creditor's bill to set aside a written instrument for fraud, &c.; and that the plaintiff as receiver have judgment against the defendant for $500 and costs, or for such other relief, &c. *Held,* that the complaint be set aside as an unauthorized departure from the summons in regard to the nature of the action. And a general *appearance* in the suit by the defendant before the service of the complaint, is not a waiver of such irregularity. (*See, contra, Webb* agt. *Mott,* 6 *How.* 439.)

*Broome Special Term, February,* 1857.

WM. YEOMANS, JR., *for plaintiff.*
H. KRUM, *for defendant.*

MASON, Justice. This is a motion to set aside complaint

for the one amongst other reasons, that the plaintiff's complaint does not conform to the summons, in regard to the nature of the action. The summons, which was served on the 13th December, 1857, stated that if the defendant failed to answer the complaint as required, that the plaintiff would take judgment against the defendant for $300, with interest, besides costs. On the 12th day of January, 1858, H. Krum, Esq., defendant's attorney, served notice of retainer, and that he appeared in the action for the defendant, and demanded a copy of the complaint; and on the 20th January, the plaintiff's attorney served upon Mr. Krum a copy of the complaint, which is in the nature of a creditor's bill, to set aside a written instrument executed by Barlow, the judgment debtor, transferring his personal property to the defendant Humphrey, upon the ground that the same is fraudulent, and made with the intent to hinder, delay and defraud the creditors of the said Barlow. The complaint sets forth the recovery of a judgment against Barlow, in the supreme court, in favor of William Yeomans, Jr.; the issuing of an execution thereon, and the return of the same by the sheriff *nulla bona*, and of proceedings supplementary to execution, and of the appointment of the plaintiff as receiver. The plaintiff demands judgment that the said contract set forth in the complaint, by which Barlow transferred this personal property to the defendant, be set aside as fraudulent and void, and that the plaintiff as receiver, have judgment against the defendant for $500, and costs of suit, or for such other relief as to the court may seem just in the premises.

This complaint must be set aside as an unauthorized departure from the summons, in regard to the nature of the action. Where the cause of action is of a different nature from that stated in the summons, the complaint will be set aside. I concur with my brother BALCOM, in *Ridder and others* agt. *Whitlock*, (12 *How. Pr. R.* 208,) and which case has been approved by Justice WELLES, in *Boynton* agt. *Lapham and others*, (14 *How. R.* 360,) and by the general term in the second district, in *Tuttle and others* agt. *Smith*, (14 *How. R.* 395.)

Shafer, Receiver, &c. agt. Humphrey.

The summons must control the complaint as to the nature of the action. It is the first in order after the proceedings in the suit, and upon it the defendant is brought into court ; and if, therefore, the complaint does not conform to the summons, in regard to the nature of the action, the complaint will be set aside. (12 *How. R.* 20 ; 14 *How. R.* 360 ; 14 *How. R.* 395.) Justice CRIPPEN fell into an error in *Webb* agt. *Mott,* (6 *How. R.* 439,) in holding that the complaint will control the summons where they are served together. I concur in the later cases above referred to; which hold that the complaint must conform to the summons. The same error was committed in *Webb* agt. *Mott,* in holding that a general appearance of the defendant in the suit, was a waiver of such an irregularity, and the party could not move to set aside either summons or complaint. The appearance admits the regularity of the summons, but it does not admit the identity of the cause of action indicated by the summons with that set out in the complaint, and this is so when they are both served together. (14 *How. R.* 395.) When, as in the present case, the summons is served alone, and the defendant appears generally in the cause by attorney, and demands a copy of the complaint, it is simply absurd to say that he waives an objection to a complaint which is served after his appearance. There is no irregularity in the summons for which it could be set aside, and no defect or irregularity which could be waived. The plaintiff has a right to go on under it and complain against the defendant in any action which is not a departure from the nature of the action stated in the summons, but has no right to depart from the summons as he has in this instance. The complaint must be set aside with leave to the plaintiff, to amend either summons or complaint on the payment of $10 costs of this motion.