## RICE a. O'CONNOR.

*Supreme Court, Sixth District; General Term, May,* 1860.

PLEADING.—COUNTER-CLAIM.

Plaintiff cannot demur to a defence consisting of denials merely. He can demur only when the *new matter* in the answer, upon its face, does not constitute a counter-claim or defence.

A defence which is inartificially drawn, and commingles denials and new matter, is not, for that reason, to be held bad on demurrer, if, by a liberal construction, its allegations constitute a defence.

A counter-claim must exist in favor of defendant, and against the plaintiff, *at the time* the action was commenced, and an answer alleging that plaintiff *is* indebted, &c., and that the sum claimed *is now* due, &c., is bad on demurrer.

Appeal from an order sustaining demurrers to an answer.

The complaint contained two causes of action. The first was, that the plaintiff, at defendants' request, performed work and labor for them, and boarded their servants and hands; that afterwards the plaintiff and defendants accounted together, and upon such accounting there was found due and owing for such work, labor, and board, from defendants to plaintiff, over and above all accounts, payments, and off-sets of defendants, the sum of $61.87, which defendants promised to pay to plaintiff; that defendants, though often requested, &c., had not paid the same. The second cause of action was, that after the accounting mentioned in the first count of the complaint, plaintiff performed work and labor for defendants, and at their request, of the value of $13.50, and that defendants owed plaintiff a balance therefor of $8.50, over and above payments, set-offs, &c. The complaint contained a demand of judgment for the sum of $70.30, with interest thereon from the 15th day of February, 1855.

The answer purported to contain two defences; it was as follows: "*First Defence.*—The defendants in this action for amended answer to the plaintiff's complaint, say, that they deny each and every allegation in said complaint, except what is hereinafter admitted. Defendants further say, that it is true that

said plaintiff did, at the special instance and request of defendants, enter into the service of the defendants, to board their servants and hands in their employ, at the time and place mentioned in said complaint, and that they did account with said plaintiff, at the time and place mentioned in said complaint; but said defendants deny that on said accounting there was found due said plaintiff the sum of $61.87, but that there was a small amount due, which the said defendants, before the commencement of this action, paid to said plaintiff; and said defendants deny that they are indebted to said plaintiff in the sum of $70.30, or any other sum. *Second Defence.*—And the said defendants, for another and further answer to the complaint, say, that said plaintiff is indebted to said defendants for money paid, laid out, and expended to and for the use of said plaintiff, at her special instance and request, and for goods sold and delivered to said plaintiff, and others at her request, in the sum of seven dollars and fifty cents over and above all demands and claims which said plaintiff had against the defendants at the commencement of this suit, and that the said sum of $7.50 is now due and owing to said defendants from said plaintiff, and for which they demand judgment, besides the costs of this action."

The plaintiff demurred to each defence separately, and assigned several grounds of demurrer to each defence. The demurrers were sustained at the special term, and judgment was rendered in favor of the plaintiff for the amount demanded in the complaint, with costs. The defendants appealed from the judgment to the general term.

*Molloy & Gray*, for the appellants.

*Thomas Barlow*, for the respondent.

By the Court.*—Balcom, J.—Section 153 of the Code contains this language: " The plaintiff may, in all cases, demur to an answer containing new matter, where upon its face it does not constitute a counter-claim or defence; and the plaintiff may demur to one or more of such defences or counter-claims, and reply to the residue of the counter-claims." The Code does not au-

---

* Present, MASON, BALCOM, CAMPBELL, and PARKER, JJ.

thorize the plaintiff to demur to a defence consisting of denials merely, and he cannot demur for any cause not specified in the Code. (See *Code*, § 140.) The plaintiff can demur *only* when the *new matter* in the answer, upon its face, " does not constitute a counter-claim or defence."

The first defence consists partly of denials, and partly of new matter. It is very inartificially drawn, and the defendants might have been required to separate the denials from the new matter (*Code*, § 150, last paragraph; rule 19, adopted in August, 1858), and make some parts of this defence more definite and certain, if the plaintiff had made a motion for that purpose. (*Code*, § 160.) But, by construing its allegations liberally, as the Code requires (§ 159), I am of the opinion such allegations constitute a defence to the first cause of action set out in the complaint. This defence is that, on the accounting mentioned in such cause of action, a sum less than $61.87, was found due the plaintiff from the defendants, which the defendants paid to the plaintiff before the commencement of this action; and that the sum of $61.87 was not found due from the defendants to the plaintiff. These facts constitute a complete defence to the first cause of action contained in the complaint.

The new matter in the second defence was intended for a counter-claim; but I am of the opinion it does not constitute such a claim. A counter-claim must exist in favor of the defendant, and against the plaintiff, *at the time the action is commenced.* Under our former system of pleadings, a plea or notice of set-off always stated, " that before and at the time of the commencement of this suit, the plaintiff was, and still is, indebted to the defendant," &c. The second defence in this action does not show that the $7.50 therein mentioned was due or owing from the plaintiff to the defendant *before or at the time* the action was commenced. It commences with the allegation, " that said plaintiff *is* indebted to said defendants," and concludes with the words, "and that the said sum of $7.50 is *now* due and owing to said defendants from said plaintiff." The defendants should have alleged that the $7.50 was due or owing to them from the plaintiff before and at the time of the commencement of the action. Not having alleged this, the demurrer to the second defence was properly sustained.

As the plaintiff had judgment on both demurrers, it must be

reversed, and I think the plaintiff should have leave to withdraw her demurrer to the first defence, and that the defendants should have leave to amend their answer; and that the costs occasioned by the demurrers and this appeal, should abide the event of the action. (*Code*, § 306, Sub. 2.)

Decision accordingly.