## CHAMBERS *a.* LEWIS.

*New York.Common Pleas; General Term, October*, 1860.

### COUNTER-CLAIM.

When the complaint is for a conversion, a demand against the plaintiff on a cause of action not connected with the same transaction, cannot be set up as a counter-claim. The fact that the summons in the action is in a form suited to an action on contract, instead of an action for a wrong, does not qualify the nature of the action.

Whether tort is intended to be waived, must now.be determined by the facts set out in the complaint.

A counter-claim must have belonged to defendant at the commencement of the action.

Appeal from an order of the special term, sustaining the plaintiff's demurrer to the answer of defendant.

The complaint alleged that on March 30, 1859, the plaintiff possessed and owned certain personal property of the value of $640, and on or about that day, the defendant obtained such property, and wrongfully converted it to his own use; that before the commencement of this suit, the plaintiff demanded it of the defendant, who refused to deliver it; whereupon, judgment was demanded for $640, with interest from April 12, 1859, the day of making such demand.

The action appeared, from the verification to the complaint, to have been commenced April 13, 1859, and the answer of the defendant was sworn to on May 3. In it was set up, as a distinct defence, a counter-claim arising out of the recovery of a judgment for $396.61 against the United States Gutta Percha Belting and Packing Company, in the Marine Court, in favor of Augustus Cleveland, on March 15, 1859, and on which an execution had been issued and returned unsatisfied. It was averred that the company was organized and incorporated under the provisions of article 2, title 12, ch. 18, part 1, of the Revised Statutes, and the plaintiff having been stockholder, trustee, and president thereof, had become liable for all the debts of the company, by reason of the failure of the company to comply with certain provisions of law affecting companies organized for manufacturing purposes.

The plaintiff demurred to this defence; and the court at special term gave judgment in favor of the plaintiff on the demurrer. The defendant then appealed to the general term.

By THE COURT.—HILTON, J.—(After stating the facts.) It is argued that the plaintiff having issued a summons in the form prescribed in actions brought for a money-demand arising upon contract, and also having attached to the complaint a demand of judgment for a specified sum with interest, it must be presumed that the tort arising from the wrongful conversion of the property referred to, has been waived, and the action is, therefore, to be regarded as resting upon the contract which the law implies in such cases; and as the counter-claim set up arises from a contract also implied by law, growing out of the penalty,

a debt which the statute imposes upon certain persons who violate the provisions, it therefore falls within subdivision 2, of section 150 of the Code, which permits a counter-claim to be interposed of this character, where it exists at the commencement of the action, and the action arises upon contract, express or implied.

That the counter-claim may properly be said to arise upon contract, I am willing to concede, as whatever the law orders any one to pay, that becomes instantly a debt which he hath beforehand contracted to discharge (3 *Blacks. Com.*, 158), and the claim in the answer thus falls within that class of contracts which are implied by law; but I am not prepared to admit that the cause of action set out in the complaint is one arising on contract; on the contrary, I think it quite obvious, the suit is for a tort committed by the defendant in wrongfully converting to his own use certain property of the plaintiff of the value of $640, for which amount, with interest from the time its return was requested, and which may be considered in the nature of damages claimed, judgment is demanded. The fact that the summons was not in the form prescribed for actions of this kind, merely shows an error of the attorney in this particular, which might have been taken advantage of before answer by the defendant's moving to set aside the complaint for the reason that it did not conform to the summons (Tuttle *a.* Smith, 6 *Abbotts' Pr.*, 329, and cases cited; Davis *a.* Bates, *Ib.*, 15; Shafer *a.* Humphreys, 15 *How. Pr.*, 564); but by answering, any variance or defect of this nature is waived, and thereafter it becomes entirely immaterial what the particular form of the process was by which the party has been brought into court.

It is, however, insisted, that from the plaintiff's proceedings, the court should infer that the tort has been waived, and the action would, therefore, be regarded as resting on the implied contract; but, even if this were so, it could not help the defendant, or permit him to assert his counter-claim by way of defence; the action would still be one arising on a tort, and not arising on contract, although the plaintiff might have waived any remedy which the law afforded him by reason of the tortious acts of the defendant. The waiver would not alter the facts which constituted the foundation of the action, nor bring the

suit within the class wherein the Code allows a counter-claim arising upon contract, to be interposed by way of defence. (Piser *a*. Stearns, 1 *Hilt.*, 86.)

It might have been otherwise under our former system of pleading, when the tort would not only be waived by bringing the action of assumpsit, but the suit in that form would have been subject to all the rules of set-off applicable to actions upon contracts; but I agree with Judge Brady, that under our present system, no such rule of practice or of law exists; and that the character of the proceeding, whether the tort is intended to be waived or not, must now in all cases be determined by the facts set out in the complaint as constituting the cause of action; and if upon those facts it appears that the action did not arise on contract, and that the plaintiff would be entitled to an order for the defendant's arrest, the suit must be regarded as being founded in tort.

But there is another, and, in my opinion, equally fatal objection to the counter-claim set up, arising from the fact that it did not belong to the defendant at the time of the commencement of the action. As I before remarked, this suit appears to have been commenced in April, and although the judgment had been recovered previously, yet it was not transferred to the defendant until May 3. To permit a claim thus acquired to be interposed as a defence, would be to depart from the general rule by which actions are determined according to the rights of the parties as they existed at the commencement of the suit; and although the Code (subdivision 2, of section 150) does not say in express terms that the counter-claim must exist in favor of the defendant, and have belonged to him at the commencement of the action, yet I think it should be understood in that sense, as otherwise it would be in effect creating an anomaly in the law, which should not be presumed in the absence of positive language declaring such to be the intention of the Legislature. (Van Valen *a*. Lapham, 13 *How. Pr.*, 240; Leman *a*. Trull, *Ib.*, 250; Gage *a*. Angell, 8 *Ib.*, 335.) This is the rule applicable to set-offs under the Revised Statutes (see 5 ed., vol. 3, 635, § 12, subd. 4), and I think the Code (see 150) should be construed in connection with that provision. (Pattison *a*. Richards, 22 *Barb.*, 143.)

Order at special term affirmed, with $10 costs.