McAdam, C. J.
The court below properly held that under the former Code (_§ 150),, a counter-claim to be available to a defendant must have belonged to him at the commencement of the action, but erred in holding that under the present Code of Civil Procedure (§ 501) no such requirement exists. Subdivision 2 of that section, following the language of section 150 of the old Code, provides that the counter-claim pleaded must be one “existing at the commencement of the action,” which means that it must be a counter-claim held and owned by the defendant at that time. To permit a claim existing before, but acquired after the action had been commenced, to be interposed as a counter-claim, would be a departure from the rule by which actions are to be determined according to the rights of the parties as they existed at the time when they are commenced. It would also encourage barratry, a practice which receives no encouragement from the courts. The law never intended to permit a defendant, after an action has been commenced against him, to buy up for purposes of litigation and defense, doubtful or other claims against the plaintiff, and then interpose them to defeat, in whole or in part, a demand against which the defendant had no defense at the the time the suit was brought. The statute in regard to counter-claims was intended as a shield to protect defendants from being required to pay more than the amount actually owing by them over and above all counterclaims existing at the time suit was brought, without compelling them to institute cross actions for the recovery of their cross demands. It was also intended to prevent multiplicity of suits, and to prevent, not encourage, litigation. The cases susustain these propositions. Rice v. O'Connor, 10 Abb. Pr., 362; Weissner v. Ocumpaugh, 71 N. Y., 113; Chambers v. Lewis, 11 Abb. Pr., 210; Van Valen v. Lapham, 13 How. Pr., 240; Chamborst v. Cagney, 32 N. Y. Sup. Ct. Rep., 382. The objection in the present instance *270 appeared on the face of the answer, and was properly presented by demurrer.
It follows, therefore, that the interlocutory judgment for the defendent and the order directing its entry must be reversed, and judgment ordered for the plaintiff on the demurrer, with costs.
Hyatt, J., concurs._