THE JOHN CHURCH COMPANY, Appellant, *v.* GEORGE H. CLARKE, Respondent.

*A counterclaim must be alleged to have existed when the action was commenced — scope of, and evidence receivable under, a general denial.*

In an action brought on contract, the right to set up and prove as a counterclaim any other cause of action on contract, depends upon the existence of such counterclaim at the time of the commencement of the action, and an answer setting up a counterclaim which fails to show that it existed at the time of the commencement of the action is demurrable.

Under a general denial, in an action on contract, a party may controvert by evidence anything which the other party is bound to allege and prove in the first instance to make out his cause of action, and anything which he is permitted to prove for that purpose.

APPEAL by the plaintiff, The John Church Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Chemung on the 20th day of March, 1893, upon the verdict of a jury rendered after a trial at the Chemung Circuit and also from an order entered in said clerk's office on the 21st day of March, 1893, denying the plaintiff's motion for a new trial made upon the minutes.

*Youmans, Moss & Knipp,* for the appellant.

*Reynolds, Stanchfield & Collin,* for the respondent.

PER CURIAM :

On the trial the plaintiff offered to prove that the defendant was not, at the commencement of the action, the owner of the demand set up in his answer as a counterclaim. This evidence was excluded upon the ground that it was not admissible under the pleadings. The reply consisted of a general denial of the matters set up as a counterclaim.

The correctness of this ruling is challenged by the appellant, and presents the only question involved on this appeal. The Code, so far as applicable to the question, provides that in an action on contract any other cause of action on contract, existing at the commencement of the action, may be set up as a counterclaim against the plaintiff. (§ 501.) Thus, the right to set up and prove such a

claim depends upon its existence at the time the action was commenced. It has been held that an answer setting up a counterclaim which fails to show that it existed at the commencement of the action is demurrable. (*Moody* v. *Steele*, 11 N. Y. Civ. Proc. Rep. 205 ; *Mayo* v. *Davidge*, 44 Hun, 342 ; *Rice* v. *O' Connor*, 10 Abb. Pr. 362 ; *Van Valen* v. *Lapham*, 5 Duer, 689 ; Abbott's Trial Brief on the Pleadings, 400, § 481.)

Thus, it would seem that the defendant must not only prove, but must also allege, that the counterclaim in his favor existed when the action was commenced. Such being the case, it must follow, we think, that the plaintiff, under the general denial contained in the reply herein, was entitled to prove that no such claim existed in the defendant's favor when the suit was begun. . Under a general denial, in an action on contract, a party may controvert by evidence anything which the other party is bound to allege and prove in the first instance to make out his cause of action, and anything which he is permitted to prove for that purpose. (*Milbank* v. *Jones*, 141 N. Y. 340.)

These considerations lead to the conclusion that the court erred in excluding the evidence offered by the plaintiff, and that for such error the judgment should be reversed.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment and order reversed and a new trial ordered, with costs to abide the event.