JOHN CHURCH CO. v CLARKE.

(Supreme Court, General Term, Fourth Department. May 18, 1894.)

1. COUNTERCLAIM—EXISTENCE WHEN ACTION WAS COMMENCED.
     Under Code Civ. Proc. § 501, providing that "in an action on contract any other cause of action on contracts existing at the commencement of the action" may be set up as counterclaim, a claim against plaintiff, acquired by defendant after the action was commenced, is not available.

2. SAME—PROOF UNDER GENERAL DENIAL.
     Under a general denial in the reply plaintiff may show that defendant's counterclaim did not exist in his favor when the action was commenced.

Appeal from circuit court, Chemung county.

Action by the John Church Company against George H. Clarke. From a judgment entered on a verdict in favor of defendant, and from an order of the special term (25 N. Y. Supp. 949) denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

Youmans, Moss & Knipp, for appellant.

Reynolds, Stanchfield & Collin, for respondent.

PER CURIAM. On the trial, the plaintiff offered to prove that the defendant was not, at the commencement of the action, the own-

er of the demand set up in his answer as a counterclaim. This evidence was excluded upon the ground that it was not admissible under the pleadings. The reply consisted of a general denial of the matters set up as a counterclaim. The correctness of this ruling is challenged by the appellant, and presents the only question involved on this appeal. The Code, so far as applicable to the question, provides that, in an action on contract, any other cause of action on contract existing at the commencement of the action may be set up as a counterclaim against the plaintiff. Section 501. Thus the right to set up and prove such a claim depends upon its existence at the time the action was commenced. It has been held that an answer setting up a counterclaim which fails to show that it existed at the commencement of the action is demurrable. Moody v. Steele, 11 Civ. Proc. R. 205; Mayo v. Davidge, 44 Hun, 342; Rice v. O'Connor, 10 Abb. Pr. 362; Van Valen v. Lapham, 5 Duer, 689; Abb. Tr. Brief, p. 400, § 481. Thus it would seem that the defendant must not only prove, but must also allege, that the counterclaim in the hands of the defendant existed in his favor when the action was commenced. Such being the case, it must follow, we think, that the plaintiff, under the general denial contained in the reply herein, was entitled to prove that no such claim existed in the defendant's favor when the suit was begun. Under a general denial in an action on contract, a party may controvert by evidence anything which the other party is bound to allege and prove in the first instance, to make out his cause of action, and anything he is permitted to prove for that purpose. Milbank v. Jones, 141 N. Y. 340, 36 N. E. 388. These considerations lead to the conclusion that the court erred in excluding the evidence offered by the plaintiff, and that for such error the judgment should be reversed. Judgment and order reversed, and a new trial granted, with costs to abide the event.