FRED STARKS, Appellant, *v.* DATUS E. RHODES, Respondent.

(County Court, Saratoga County, June, 1909.)

Set-off and counterclaim — Claims which may be allowed as counter-
claim or set-off in general — Demands in favor of third person —
Claim assigned to defendant after commencement of action.

   In an action to recover damages for breach of a contract the defendant may not set up as a counterclaim a judgment against the plaintiff assigned to him after the commencement of the action.

APPEAL from a judgment of a justice of the peace.

Tibbitts Walker, for appellant.

S. M. Richards, for respondent.

ROCKWOOD, J.   The plaintiff brought this action to recover for board and lodging furnished by him to the defendant at an agreed price per week. Defendant answered, denying the allegations of the complaint, and subsequently amended the answer, alleging the existence of a counterclaim against the plaintiff.  The parties, in their testimony, seem to have agreed upon all of the details of the arrangement under

which plaintiff was to board and lodge defendant, with the exception that plaintiff contended and defendant denied that a money consideration was contemplated or existed, the defendant stating that he was to pay for the board in rent and produce. The preponderance of the evidence upon this point was against the defendant. It appeared that, on August 11, 1902, John H. Pitkin and Walter J. Pitkin recovered a judgment of thirty-one dollars and forty-nine cents against the plaintiff herein and his wife, and that the owners of the judgment had assigned it to the defendant herein who caused it to be introduced in evidence and asserted as a counterclaim against the plaintiff's cause of action. The justice received a certified copy of a transcript of the judgment and, allowing the amount thereof as a valid counterclaim, rendered judgment against the plaintiff for the difference between the amount of the judgment and the agreed price of the board and lodging. Had the defendant acquired the assignment of the judgment prior to the institution of this action, this might have been a correct decision; but it is clear from the testimony that the defendant purchased the judgment after the plaintiff had brought his suit and for the express purpose of using it as a counterclaim. The summons was issued on February 8, 1909, and the clerk's certificate to the transcript of the judgment is dated February 19, 1909. The assignment of the judgment, indorsed upon the transcript, is without date, but manifestly could not have been placed thereon before the transcript itself was issued.

A judgment against a party to an action assigned after the institution of the action cannot be set up and used as a counterclaim. The rights of the parties in an action at law must be tested as of the date of the commencement of the suit.

Subdivision 2 of section 501 of the Code, made applicable to the court of a justice of the peace by section 2945, provides: " In an action on contract, any other cause of action on contract, existing at the commencement of the action " may be set up as a counterclaim.

And it is held in Chambers v. Lewis, 11 Abb. Pr. 210,

that "A counterclaim must have belonged to the defendant at the commencement of the action." See also Rice v. O'Connor, 10 Abb. Pr. 362; Carpenter v. Butterfield, 3 Johns. Cas. 145; Moody v. Steele, 11 Civ. Pro. 205; Mayo v. Davidge, 44 Hun, 342; Roldan v. Power, 14 Misc. Rep. 480; John Church Co. v. Clarke, 77 Hun, 467.

Other errors were committed upon the trial in the reception of proof to which appellant's counsel has called attention, but it is not necessary to discuss them in view of the conclusion reached.

The judgment against the plaintiff, not having been purchased by defendant until after the institution of this action, could not be used as a valid counterclaim to defeat the recovery to which plaintiff was clearly entitled. The plaintiff upon the proof should have had judgment with costs.

The decision of the justice, finding that the plaintiff was entitled to recover for the amount agreed to be paid by the defendant for his board and lodging, is affirmed; and plaintiff may enter judgment for said amount, with costs. That part of the decision which allows and offsets the counterclaim is reversed; and the costs of this appeal may be taxed by plaintiff against defendant, with the exception that any item of disbursement included in the recovery before the justice is not to be duplicated.

Judgment accordingly.

---

The New York Central and Hudson River Railroad Company, Plaintiff, v. John Williams, as Commissioner of Labor of the State of New York, Defendant.

(Supreme Court, Albany Trial Term, June, 1909.)

Constitutional law — Obligation of contracts and vested rights: Exercise of police power; Corporate charters and franchises.

The provisions of the Labor Law requiring certain corporations to pay their employees in cash and as often as twice each month and affixing a penalty to their failure to do so, which are found in substance in prior enactments and in the laws of other States, do not impair the obligation of contracts between a railroad corpora-